# EXHIBIT "A-2"

FILED
8/31/2017 7:46 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Brenda Carrillo

2CITCML/SAC1 W/JD

## 2017CI16814

CAUSE NO. _____

| | | |
|---|---|---|
| **RICHARD GARZA,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **GENERAL STAR NATIONAL** | § | **BEXAR COUNTY, TEXAS** |
| **INSURANCE COMPANY** | § | |
| **and MICHAEL KOEHLER,** | § | **57TH** |
| **Defendants,** | | **_____ DISTRICT COURT** |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND,
### AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Richard Garza, Plaintiff herein, and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of General Star National Insurance Company ("General Star Indemnity") and Michael Koehler ("Koehler") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Richard Garza, resides in Bexar County, Texas.

3. Defendant, General Star National Insurance Company, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon General Star Indemnity, through its registered agent for service, **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**. Plaintiff requests service at this time.

4.      Defendant, Michael Koehler, is an adjuster who resides in Carmel, Indiana.  Plaintiff
        requests service of citation upon Michael Koehler at the address listed with the Texas
        Department of Insurance: **200 Medical Drive, Suite B, Carmel, Indiana 46032**.  Plaintiff
        requests service at this time.

### JURISDICTION

5.      The Court has jurisdiction over General Star National Insurance Company because this
        Defendant engages in the business of insurance in the State of Texas, and the causes of
        action arise out of Defendant's business activities in the state, including those in Bexar
        County, Texas, with reference to this specific case.

6.      The Court has jurisdiction over Michael Koehler because this Defendant engaged in the
        business of adjusting insurance claims in the State of Texas, and the causes of action arise
        out of his business activities in the State of Texas, including those in Bexar County, Texas,
        with reference to this specific case.

### VENUE

7.      Venue is proper in Bexar County, Texas, because the insured property is located in Bexar
        County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred
        in Bexar County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

8.      Plaintiff asserts claims for fraud, breach of contract, negligence, gross negligence,
        negligent hiring, violations of sections 541 and 542 of the Texas Insurance Code, and
        violations of the Texas DTPA.

2

9.  Plaintiff owns a General Star National Insurance Company homeowner's insurance policy, number IMA839199C ("the Policy"), which was issued by General Star Indemnity. At all relevant times, Plaintiff owned the insured premises located at 901 Mason Street, San Antonio, Texas 78208 ("the Property").

10. General Star Indemnity or its agent sold the Policy, insuring the Property, to Plaintiff. General Star Indemnity represented to Plaintiff that the Policy included hail and windstorm coverage for damage to Plaintiff's home.

11. On or about April 12, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Bexar County, Texas, area.

12. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to General Star Indemnity against the Policy for damage to the Property. General Star Indemnity assigned claim number G10038164 to Plaintiff's claim.

13. Plaintiff asked General Star Indemnity to cover the cost of damage to the Property pursuant to the Policy.

14. General Star Indemnity hired or assigned its agents, namely Koehler, to inspect and adjust the claim. Koehler conducted an inspection on or about April 20, 2016, according to the information contained in his estimate. Koehler's findings generated an estimate of damages totaling $21,572.34. After application of depreciation and deductible of $5,179.53 Plaintiff was left with $11,392.81 to make repairs on the entirety of their claim.

15. General Star Indemnity, through its agent, Koehler, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

3

16. General Star Indemnity and Koehler have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. Specifically, Koehler found that only the Property's interior and siding were damaged. The third-party inspector hired to review the damage to the Property found $52,199.85 of damage to Plaintiff's roof. In addition, the third-party inspector found damage to the valley metal, drip edge, 14" flashing, pipe jack flashing, step flashing, and skylight flashing that were completely absent from Koehler's estimate.

17. The damage to Plaintiff's Property is currently estimated at $164,041.60.

18. Koehler had a vested interest in undervaluing the claims assigned to him by General Star Indemnity in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of fraud on the part of Koehler.

19. Furthermore, Koehler was aware of Plaintiff's deductible prior to inspecting the Property. Koehler had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

20. Koehler misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Koehler made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the fraudulent estimate as a true representation of the damages.

21. After reviewing Plaintiff's Policy, Koehler misrepresented that the damage was caused by non-covered perils. Koehler used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

4

22.    As stated above, General Star Indemnity and Koehler improperly and unreasonably adjusted Plaintiff's claim.  Without limitation, General Star Indemnity and Koehler misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

23.    General Star Indemnity and Koehler made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. General Star Indemnity and Koehler made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Koehler.

24.    Plaintiff relied on General Star Indemnity and Koehler's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

25.    Upon receipt of the inspection and estimate reports from Koehler, General Star Indemnity failed to assess the claim thoroughly.  Based upon Koehler's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, General Star Indemnity failed to provide coverage due under the Policy, and Plaintiff suffered damages.

26.    Because General Star Indemnity and Koehler failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

27. Furthermore, General Star Indemnity and Koehler failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Koehler performed an unreasonable and substandard inspection that allowed General Star Indemnity to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

28. General Star Indemnity and Koehler's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

29. General Star Indemnity and Koehler's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). General Star Indemnity and Koehler have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, General Star Indemnity and Koehler have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

30. General Star Indemnity and Koehler's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). General Star Indemnity and Koehler failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

6

31.     Additionally, after General Star Indemnity received statutory demand on or about July 25, 2017, General Star Indemnity has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

32.     General Star Indemnity and Koehler's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Koehler performed a biased and intentionally substandard inspection designed to allow General Star Indemnity to refuse to provide full coverage to Plaintiff under the Policy.

33.     Specifically, General Star Indemnity and Koehler performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

34.     General Star Indemnity's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Koehler subpar inspection, General Star Indemnity failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

35.     General Star Indemnity's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Koehler's intentional undervaluation of Plaintiff's claims, General Star Indemnity failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Koehler's understatement of the damage to the Property caused General Star Indemnity to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

7

36.     General Star Indemnity and Koehler's wrongful acts and omissions have forced Plaintiff
        to retain the professional services of the attorneys and law firm representing him with
        respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT GENERAL STAR NATIONAL INSURANCE COMPANY

37.     All paragraphs from the fact section of this petition are hereby incorporated into this
        section.

## BREACH OF CONTRACT

38.     General Star Indemnity is liable to Plaintiff for intentional violations of the Texas Insurance
        Code, and intentional breach of the common law duty of good faith and fair dealing.  It
        follows, then, that the breach of the statutory duties constitutes the foundation of an
        intentional breach of the insurance contract between General Star Indemnity and Plaintiff.

39.     General Star Indemnity's failure and/or refusal to pay adequate coverage as obligated under
        the Policy, and under the laws of the State of Texas, constitutes a breach of General Star
        Indemnity's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40.     General Star Indemnity's conduct constitutes multiple violations of the Texas Insurance
        Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under
        this article are actionable by TEX. INS. CODE §541.151.

41.     General Star Indemnity's unfair settlement practice of misrepresenting to Plaintiff material
        facts relating to coverage constitutes an unfair method of competition and a deceptive act
        or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (1).

8

42. General Star Indemnity's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though General Star Indemnity's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

43. General Star Indemnity's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

44. General Star Indemnity's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

45. General Star Indemnity's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

46. General Star Indemnity's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

9

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47.   General Star Indemnity's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

48.   General Star Indemnity's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though General Star Indemnity knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

49.   General Star Indemnity's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by General Star Indemnity pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against General Star Indemnity.  Specifically, General Star Indemnity's violations of the DTPA include, without limitation, the following matters:

A.   By its acts, omissions, failures, and conduct, General Star Indemnity has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  General Star Indemnity's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   General Star Indemnity represented to Plaintiff that the Policy and General Star Indemnity's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   General Star Indemnity represented to Plaintiff that General Star Indemnity's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   General Star Indemnity advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   General Star Indemnity breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.   General Star Indemnity's actions are unconscionable in that General Star Indemnity took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  General Star Indemnity's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.   General Star Indemnity's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.   Each of the above-described acts, omissions, and failures of General Star Indemnity is a producing cause of Plaintiff's damages.  All of General Star Indemnity's acts, omissions,

and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## NEGLIGENT HIRING

51.   General Star Indemnity has a basic duty as an employer who retains services of another to use reasonable care in investigating the background of that individual for fitness for the position, to remain knowledgeable of that fitness, and is liable if another person suffers damages because of a lack of fitness.  Defendant General Star Indemnity owed a duty to Plaintiff and that duty was breached.

52.   General Star Indemnity was negligent in that it knew or should have known that Koehler was an incompetent adjuster and unfit to handle claims on behalf of General Star Indemnity.   Specifically, General Star Indemnity should have known Koehler was incapable of performing the tasks necessary to perform a reasonable property damage inspection.

53.   General Star Indemnity failed to investigate, screen or supervise Koehler, who was the proximate cause of the damages suffered by Plaintiff in this action.

## FRAUD

54.   General Star Indemnity is liable to Plaintiff for common law fraud.

55.   Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as he did, and General Star Indemnity knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

56.   General Star Indemnity made these statements intending that Plaintiff act upon them.
      Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer
      injury constituting common law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT MICHAEL KOEHLER

57.   All paragraphs from the fact section of this petition are hereby incorporated into this
      section.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

58.   Koehler's conduct constitutes multiple violations of the Texas Insurance Code, Unfair
      Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

59.   Koehler is individually liable for his unfair and deceptive acts, irrespective of the fact that
      he was acting on behalf of General Star Indemnity, because Koehler is a "person" as
      defined by TEX. INS. CODE §541.002(2).

60.   Koehler's unfair settlement practice of failing to attempt in good faith to make a prompt,
      fair, and equitable settlement of the claims, even though liability under the Policy was
      reasonably clear, constitutes an unfair method of competition and a deceptive act or
      practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

61.   Koehler's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable
      explanation of the basis in the Policy, in relation to the facts or applicable law, for
      underpayment of the claim, also constitutes an unfair method of competition and an unfair
      and deceptive act or practice. TEX. INS. CODE §541.060(a) (3).

62.     Koehler knowingly underestimated the amount of damage to the Property.  As such, Koehler failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

63.     Furthermore, Koehler did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

### DTPA VIOLATIONS

64.     Koehler's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Koehler pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Koehler. Specifically, Koehler's violations of the DTPA include the following matters:

A.     By his acts, omissions, failures, and conduct, Koehler has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Koehler's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.     Koehler represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.     Koehler represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b) (7) of the DTPA.

14

D.      Koehler's actions are unconscionable in that Koehler took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Koehler's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.      Koehler's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

65.     Each of Koehler's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Koehler, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

## NEGLIGENCE

66.     Koehler was negligent in his action and/or omission with regard to his adjusting of Plaintiff's claim. Koehler violated the standard of care and fell below the applicable standard of an insurance adjuster licensed by the state of Texas.  Those failures include one or more of the following acts or omissions:

A.      Failure to conduct a reasonable inspection;

B.      Failure to include covered damage that would be discovered as a result of a reasonable inspection;

C.      Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

D.      Failure to properly identify the cost of proper repairs to Plaintiff's Property; and

E.      Failure to communicate to Plaintiff the reasons for specific determinations made

regarding the inclusion or exclusion of damage to the Property.

67. Koehler's acts and/or omissions constitute negligence. His conduct was the proximate cause of the damages sustained by Plaintiff.

68. At all relevant times, Koehler was an agent or employee of Defendant General Star Indemnity.

69. Koehler's unreasonable inspection was performed within the course and scope of his duties with Defendant General Star Indemnity. Therefore, General Star Indemnity is also liable for the negligence of Koehler through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

70. Koehler's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    A.      Koehler's actions when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk of harm to Plaintiff, considering the probability and magnitude of potential harm to Plaintiff; and

    B.      Koehler had actual, subjective awareness of the of the risk involved, but never-the-less, proceeded with conscious indifference to the rights, safety or welfare of Plaintiff.

71. By General Star Indemnity's direction, Koehler intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiff's Property. His estimate was to such an extreme degree bellow what another reasonable licensed adjuster would have done in that situation, and in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

16

## KNOWLEDGE

72.     Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

73.     Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

74.     The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

75.     Plaintiff currently estimates that actual damages to the Property under the Policy are $164,041.60.

76.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

77.     For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

78.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

79.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

80.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount General Star Indemnity owed, exemplary damages, and damages for emotional distress.

81.    Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

82.     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

83.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

84.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $200,000.00, but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

85.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

86.   Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Bexar County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, General Star National Insurance Company and Michael Koehler, be cited and served to appear, and that upon trial hereof, Plaintiff, Richard Garza, recovers from Defendants, General Star National Insurance Company and Michael Koehler, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ Chad T. Wilson

Chad T. Wilson
Bar No. 24079587
Patrick McGinnis
Bar No. 13631900
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

20

eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF